UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
IN ADMIRALTY

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL BARGE LINE LLC AND ACBL TRANSPORTATION SERVICES LLC, AS OWNERS PRO HAC VICE OF THE M/V SAFETY GOAL, ITS ENGINES, TACKLE, GEAR, APPURTENANCES, ETC. *IN REM* COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO. 3:23-cv-364<br><br>JUDGE: Brian A. Jackson<br><br>MAGISTRATE: Erin Wilder-Doomes |

## ANSWER AND AFFIRMATIVE DEFENSES AND CLAIMS OF GEORGE BATES

Claimant George Bates ("Claimant") files this Answer, Affirmative Defenses, and Claims in response to Plaintiff's/Petitioner's American Commercial Barge Line LLC and ACBL Transportation Services LLC ("Petitioners") Complaint for Exoneration From or Limitation of Liability (Doc. #1) and upon information and belief, state as follows:

### ANSWER

1.    The allegations contained in Paragraph 1 of the Complaint are admitted.

2.    The allegations contained in Paragraph 2 of the Complaint are admitted.

3.    The allegations contained in Paragraph 3 of the Complaint are denied for lack of sufficient information to justify a belief therein.

4.    The allegations contained in Paragraph 4 of the Complaint are denied.

5.    The allegations contained in Paragraph 5 are admitted.

6.    The allegations contained in Paragraph 6 of the Complaint are denied for lack of sufficient information to justify a belief therein.

7.      The allegations contained in Paragraph 7 of the Complaint are admitted.

8.      The allegations contained in Paragraph 8 of the Complaint are admitted.

9.      The allegations contained in Paragraph 9 of the Complaint are not statements of fact, but conclusions of law, from which no response is necessary from Claimant. However, if response be deemed necessary, said allegations are denied.

10.     The allegations contained in Paragraph 10 of the Complaint are not statements of fact, but conclusions of law, from which no response is necessary from Claimant. However, if response be deemed necessary, said allegations are denied.

11.     The allegations contained in Paragraph 11 of the Complaint are not statements of fact, but conclusions of law, from which no response is necessary from Claimant. However, if response be deemed necessary, said allegations are denied.

12.     The allegations contained in Paragraph 12 of the Complaint are not statements of fact, but conclusions of law, from which no response is necessary from Claimant. However, if response be deemed necessary, said allegations are denied.

13.     The allegations contained in Paragraph 13 of the Complaint are denied for lack of sufficient information to justify a belief therein.

14.     The allegations contained in Paragraph 14 of the Complaint are not statements of fact, but conclusions of law, from which no response is necessary from Claimant. However, if response be deemed necessary, said allegations are denied. Claimant further specifically denies the adequacy of the valuation of the M/V SAFETY GOAL and its pending freight as asserted by Petitioner. Claimant further denies the adequacy of Petitioners' Ad Interim Stipulation for an amount equal to the value of its interest in the M/V SAFETY GOAL and hereby makes demand for Petitioner to either deposit cash proceeds into the registry of the Court in the amount of the

stated value of the vessel and/or provide a bond for the value of the vessel, issued by a reputable surety company to be approved by the Court. In so doing, Claimant specifically reserves the right to contest the stated value of the vessel and the limitation fund as aforesaid.

15.     The allegations contained in Paragraph 15 of the Complaint are not statements of fact, but conclusions of law, from which no response is necessary from Claimant.  However, if response be deemed necessary, said allegations are denied.

16.     The allegations contained in Paragraph 16 of the Complaint are denied for lack of sufficient information to justify a belief therein.

17.     The allegations contained in Paragraph 17 of the Complaint are denied for lack of sufficient information to justify a belief therein.

18.     The allegations in Paragraph 18 of the Complaint are not statements of fact, but conclusions of law, from which no response is necessary from Claimant. However, if response be deemed necessary, said allegations are denied.

19.     The allegations in Paragraph 19 of the Complaint are not statements of fact, but conclusions of law, from which no response is necessary from Claimant. However, if response be deemed necessary, said allegations are denied for lack of sufficient information to justify a belief therein.

20.     The allegations in Paragraph 20 of the Complaint are not statements of fact, but conclusions of law, from which no response is necessary from Claimant. However, if response be deemed necessary, said allegations are denied for lack of sufficient information to justify a belief therein.

21.     The allegations in Paragraph 21 of the Complaint are not statements of fact, but conclusions of law, from which no response is necessary from Claimant. However, if response be

deemed necessary, said allegations are denied for lack of sufficient information to justify a belief therein.

22.     Claimant denies any relief or factual statements made by Petitioner in their prayer (paragraphs A-E).

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The allegations of the Complaint fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6).

### SECOND DEFENSE

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, this Honorable Court lacks personal jurisdiction over Claimant.

### THIRD DEFENSE

The Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, is unconstitutional in that it deprives the Claimant of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and does not provide for equal protection of the laws pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

### FOURTH DEFENSE

Claimant asserts the flotilla doctrine.  The limitation fund is inadequate, and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the Vessel and for the additional vessels within the flotilla, which were under a common operational control, supervision, and enterprise.

### FIFTH DEFENSE

The limitation fund is inadequate, and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the vessel identified in the Complaint for Exoneration From or Limitation of Liability and for the additional vessels within the flotilla which were under common operational control, supervision, and enterprise. Pursuant to Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the proper limitation fund must be deposited at the time of filing. Petitioners' deposit, at the time of filing, did not meet federal standards. As such, this limitation action must be dismissed.

**SIXTH DEFENSE**

The limitation fund is inadequate, and the Complaint should be dismissed because Petitioners have failed to accurately identify all the vessels in the flotilla which should be included in the limitation fund.

**SEVENTH DEFENSE**

The Limitation of Liability Act is not applicable to the instant case because at all times pertinent herein, the M/V SAFETY GOAL and/or other vessels contained within the flotilla were operated in a willful, wanton, and reckless manner or, in the alternative, the conduct and actions which lead to Claimant's injuries took place with the privity and knowledge of the owners, managing owners, owners *pro hac vice*, and/or operators of the vessels involved.

**EIGHTH DEFENSE**

The Limitation of Liability Act is not applicable in the instant case because at all relevant times, the M/V SAFETY GOAL and/or the other vessels contained within the flotilla were known by the owner and/or owner *pro hac vice* to be unseaworthy.

**NINTH DEFENSE**

To the extent Petitioner's insurers attempt to avail themselves of the limitation/exoneration defense, Claimant asserts that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances.  In the alternative, no *prima facie* case has been made establishing they are entitled to avail themselves of the Limitation of Liability Act.

**TENTH DEFENSE**

The Complaint for Exoneration From or Limitation of Liability contains vague and ambiguous statements which are objectionable under Federal Rule of Civil Procedure 12(e), and Claimant seeks more definitive statements of the allegations, regardless of the nature, manner and extent of their Claim and Answer herein.

**ELEVENTH DEFENSE**

The events culminating in the injuries of Claimant were the result of the negligence, fault, or want of due care on the part of Petitioner and/or those for whom Petitioner is responsible, and/or the unseaworthiness of the M/V SAFETY GOAL and/or other vessels within the flotilla under common operational control, supervision and enterprise, all of which was within the privity and knowledge of Petitioner, for which the Complaint for Exoneration From of Limitation of Liability should be denied.

**TWELFTH DEFENSE**

The events culminating in the injuries of Claimant were not the result of any negligence, fault, or want of due care on the part of Claimant or those for whom they may be responsible.

**THIRTEENTH DEFENSE**

Claimant further alleges that there was insurance coverage on the M/V SAFETY GOAL insuring Petitioner in the event of an occurrence such as that which is the subject of Claimant's

claims, and the proceeds of said insurance policy should be included in this limitation proceeding (in the event the Court determines these limitation proceedings are appropriate).

## FOURTEENTH DEFENSE

Claimant states that the proceeds of any judgment, award, or settlement which may be received by Petitioner from any third party in recompense of any losses or damages sustained herein to the property or interests of Petitioner, as a result of the fault or alleged fault of said third party, must be included in the limitation fund.

## FIFTEENTH DEFENSE

In filing this Answer and Claim, Claimant specifically reserves all rights to pursue all available claims in state court for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, the Jones Act, and all state law remedies. The filing of this Claim and Answer is in no way a waiver of this right and defense and Claimant is not agreeing to join all issues in this proceeding by filing this Claim and Answer.

## SIXTEENTH DEFENSE

Claimant specifically reserves all rights to pursue all available claims in the forum of their choice for resolution of any and all issues beyond the exclusive jurisdiction of this admiralty court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, the Jones Act, and all remedies, and no part of this Claim and Answer is a waiver of this defense or these rights. Claimant will move the Court to lift the injunction and stay of proceedings in other forums. *See In re Tetra Applied Tech., L.P.*, 362 F.3d 388 (5th Cir. 2004). Further, pursuant to the holdings of *In re Liverpool, etc. Nav. Co. (Vestris)*, 57 F.2d 176, 179 (2d Cir. 1932) and *The Silver Palm*, 94 F.2d 776, 780 (9th Cir. 1937), upon Petitioner's failure to obtain relief in this limitation action (should resolution of

this action precede judgment in other actions), Claimant hereby asserts and claims his right to have his claims and damages tried to a jury in the court of their choosing.

## SEVENTEENTH DEFENSE

The purpose of a limitation action is to provide a single forum for determining whether the vessel and its owner are liable at all, whether the owner may in fact limit liability to the value of the vessel and pending freight, and how the funds are to be distributed to the Claimant. *See* 46 U.S.C. § 30501, *et seq.*; *see also* THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW 2nd Ed. § 13-5 (1994). Because of the nature and circumstances of this action, a limitations proceeding is inappropriate and unjustified.

## EIGHTEENTH DEFENSE

Claimant reserves the right to contest the appraisal value of the M/V SAFETY GOAL and/or for any additional vessels in the flotilla, their engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

## NINETEENTH DEFENSE

Petitioner's Complaint does not affect Claimant's right to maintenance and cure. Thus, Petitioner's liability to Claimant, if any, for their intentional, willful, arbitrary, and capricious refusal to provide Claimant maintenance and cure is not limited to the value of any of its vessels.

## TWENTIETH DEFENSE

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the minerals and other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by Petitioner.

### TWENTY-FIRST DEFENSE

Petitioner is not a "vessel owner" entitled to seek exoneration from or limitation of liability under 46 U.S.C. § 30501, *et seq*.

### TWENTY-SECOND DEFENSE

Claimant reserves the right to move for bifurcation of this action so the only issues of fact decided by this Court are whether Petitioner was negligent, whether the vessel was unseaworthy, and whether such negligence/unseaworthiness were within the privity and/or knowledge of Petitioner.  All other fact issues shall be decided in a court and/or forum of Claimant's choosing as is Claimant's rights under the Saving to Suitors clause and the Jones Act.

**AND NOW,** specifically reserving all defenses asserted herein, including, without limitation, Claimant's right to pursue his claims in state court pursuant to the Savings to Suitors clause, 28 U.S.C. §1333, and all state law remedies, Claimant, files his Claim in the Complaint for exoneration from or limitation of liability of, and state that:

### CLAIM

1.     Claimant re-urges each and every defense and objection set forth above as if the same were stated herein verbatim. Moreover, Claimant, Mr. George Bates, suffered serious injuries as a result of Petitioner's negligence when he fell to the deck. At the time of the incident, Mr. George Bates was a member of the crew on the M/V SAFTEY GOAL and was contributing to and aiding the M/V SAFETY GOAL in accomplishing its mission while the M/V SAFETY GOAL was on navigable waters.

### *Factual Allegations*

2.     Claimant was a Jones Act seaman assigned to the M/V SAFETY GOAL. At all relevant times, Plaintiff was a member of the crew and was contributing to the mission of the M/V

SAFETY GOAL. At all relevant times, the M/V SAFETY GOAL was a vessel in navigation upon navigable waters.

3.     On October, 28 2022, Claimant fell to the deck of the M/V SAFETY GOAL during operation of daily duties.

4.     This entire event caused by Petitioners' actions has caused Claimant's physical injuries, mental anguish, and emotional distress from which Claimant will likely never recover. As a result of this incident, Claimant suffered severe mental and physical injuries, including injuries to his head, back and spine.

### *Negligence, Unseaworthiness, and Maintenance and Cure*

5.     Claimant repeats, re-alleges, and incorporates the paragraphs above, as if stated herein and further alleges:

6.     Claimant brings claims against the Petitioner under the Jones Act and general maritime law for negligence.

7.     Petitioner was negligent and caused the underlying incident in the following ways:

a.   Failing to properly maintain, inspect, and/or repair the M/V SAFETY GOAL and/or its equipment;

b.   Failing to adequately man the M/V SAFETY GOAL;

c.   Failing to have an adequate crew on the M/V SAFETY GOAL;

d.   Failing to keep a proper lookout;

e.   Failing to provide adequate warning to the crew of the M/V SAFETY GOAL;

f.   Failing to operate the M/V SAFETY GOAL in a safe fashion;

g.   Failing to warn the crew of the M/V SAFETY GOAL of hidden dangers;

h.   Failing to maintain safe mechanisms for work on the M/V SAFETY GOAL;

i.   Failing to provide adequate training to the crew members of the M/V SAFETY GOAL;

j.   Failing to safely navigate the M/V SAFETY GOAL;

k.   Failing to operate the M/V SAFETY GOAL in a safe and proper manner;

l.   Failing to have safe policies, procedures, and training for the crew of the M/V SAFETY GOAL;

m. Failing to safely and adequately supervise the crew of the M/V SAFETY GOAL;

n.   Failing to provide a safe work environment under the Jones Act;

o.   Failing to follow their own safety rules, policies, and regulations;

p.   Failing to follow applicable Coast Guard, OSHA, BSEE rules, and/or other applicable rules and regulations; and

q.   Other acts deemed negligent and grossly negligent.

8.    At all relevant times, the Petitioner owned and/or operated the M/V SAFETY GOAL

9.    At all relevant times, the M/V SAFETY GOAL was unseaworthy. Specifically, without limiting the reasons that the M/V SAFETY GOAL was unseaworthy, it was unseaworthy because it was not adequately maintained, was not adequately equipped with the proper equipment to perform the work safely and was not adequately crewed.

10.   The unseaworthiness of the M/V SAFETY GOAL was a direct cause of Claimant's injuries.

11.   Under the Jones Act and general maritime law Petitioner had the duty to act as a reasonable person would in similar situations. Petitioner breached this duty in the aforementioned

ways. Petitioner's breach of its duty of care under the general maritime law caused severe injuries to Claimant. This in turn caused Claimant to suffer significant damages.

12.     Additionally, Petitioner's conduct was reckless and placed the crew of the M/V SAFETY GOAL at substantial risk of serious injury or death. The conduct of Petitioner was reckless and Petitioner consciously disregarded the safety of the crew of the M/V SAFETY GOAL.

13.     Petitioner is liable under the theories of agency and *respondeat superior* for all acts or omissions by its employees or contractors as set forth throughout this Answer and Claim.

14.     As a Jones Act seaman, Claimant is entitled to maintenance and cure as a result of the injuries he sustained in the underlying incident. Claimant sustained his injuries while in the course of serving the vessel in his capacity as a Jones Act seaman assigned to the M/V SAFETY GOAL.

15.     Petitioner has a legal duty to pay maintenance and cure to Claimant.

16.     Petitioner has failed to pay Claimant's maintenance and cure. Petitioner has either not paid the owed maintenance and cure or has unreasonably and arbitrarily withheld the payment of maintenance and cure. Petitioner has failed to provide Claimant with maintenance and cure despite knowing of Claimant's injuries that occurred during their work on the M/V SAFETY GOAL.

17.     Additionally, the Petitioner's decision to not pay maintenance and cure has been unreasonably, arbitrary, and willful, and thus entitles Claimant to punitive damages for the Petitioner's failure to honor their maintenance and cure obligations.

18.     As a direct and proximate result of Petitioner's conduct, Claimant sustained severe injuries. Petitioner is liable to Claimant for the following damages:

      a.     Compensatory damages against Petitioner;

      b.      Actual damages;

      c.      Consequential damages;

      d.      Pain and suffering;

      e.      Past and future mental anguish;

      f.      Impairment;

      g.      Past and future economic loss;

      h.      Interest on damages (pre- and post-judgment) permitted under the law;

      i.      Maintenance;

      j.      Cure;

      k.      Exemplary damages under maritime law;

      l.      Recoverable court costs; and

      m.      All other damages recoverable under law.

19.      Claimant prays that after due proceedings are had that:

      a.      The Complaint seeking Exoneration From or Limitation of Liability be dismissed and the injunction or restraining order granted in this matter be dissolved;

      b.      Alternatively, Petitioner be required to deposit additional security in the minimum amount required by law for the full value of all vessels in the flotilla which were under common operational control and supervision and engaged in a common enterprise and that said security be by way of a cash deposit into the registry of the Court or a bond issued by a surety approved by the Court and be based upon an appraisal issued by a commissioner appointed by the Court; in default of which the Complaint seeking

Exoneration From or Limitation of Liability be dismissed; and pending such deposit any injunction and/or restraining order be dissolved;

c.    There be judgment rendered herein in favor of Claimant, and against Petitioner, jointly and severally, for all damages as are reasonable in the premises, together with the maximum legal interest thereon from the date of the incident until paid and for all costs of this proceeding;

d.    Claimant be allowed to proceed and prosecute his Claims without pre-payment of costs; and,

e.    For all such other and further relief to which Claimant may be entitled under law and in equity.

20.    Claimant demands a trial by jury.  *See Luera v. M/V Alberta*, 635 F.3d 181 (5th Cir. 2011).

Dated: June 30, 2023.

Respectfully Submitted,

ARNOLD & ITKIN LLP

*/s/ Trent Shelton*

Trent Shelton, Roll #39675
tshelton@arnolditkin.com
6009 Memorial Drive
Houston, TX  77007
Tel: 713.222.3800
Fax: 713.222.3850
e-service@arnolditkin.com

CLAYTON, FRUGE, & WARD

*/s/ Michael P. Fruge*
A.M. "Tony" Clayton, Roll #21191

14

Michael P. Fruge, Roll #26287
Richard J. Ward, III, Roll #32267
Michael C. Hendry, Roll #35819
Randall "Blue" Gay, Jr., Roll #36464
Brilliant P. Clayton, Roll #36829
3741 La Highway 1 South
Port Allen, Louisiana 70767
Tel: 255.344.7000
Fax: 255.383.7631

**ATTORNEYS FOR CLAIMANT**

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF on June 30, 2023, which will provide a copy of the foregoing document to all counsel of record by CM/ECF and/or another means in accordance with the Federal Rules of Procedure.

*/s/ Trent Shelton*
Trent Shelton