# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN<br>COMMERCIAL BARGE LINE LLC AND<br>ACBL TRANSPORTATION SERVICES LLC,<br>AS OWNERS PRO HAC VICE OF THE<br>M/V SAFETY GOAL, ITS ENGINES,<br>TACKLE, GEAR, APPURTENANCES, ETC.<br>IN REM | CIVIL ACTION<br><br>23-364-SDD-EWD<br>c/w 23-407-SDD-EWD |

## RULING

Before the Court is a Motion for Partial Summary Judgment filed by American Commercial Barge Line LLC and ACBL Transportation Services LLC (collectively, "ACBL").[1] George Bates ("Bates") filed an Opposition,[2] and ACBL filed a Reply.[3] For the reasons that follow, the Motion will be granted.

### I.  BACKGROUND

The Court has outlined the factual and procedural background of this case in prior Rulings.[4] In short, George Bates seeks recovery for injuries he allegedly sustained in a maritime accident during his employment with ACBL. Bates filed suit in state court,[5] and ACBL subsequently filed the instant limitation action in this Court.[6] Bates filed a claim in ACBL's limitation action seeking, *inter alia*, maintenance and cure benefits.[7] In its Motion for Partial Summary Judgment, ACBL seeks partial dismissal of Bates' maintenance and cure claim, specifically "as it pertains to his alleged cervical injury."[8] ACBL avers that Bates

---

[1] Rec. Doc. 63.
[2] Rec. Doc. 66.
[3] Rec. Doc. 67.
[4] *See* Rec. Docs. 53, 80.
[5] Rec. Doc. 37-2.
[6] Rec. Doc. 1.
[7] Rec. Doc. 11, pp. 4–14.
[8] Rec. Doc. 63, p. 1.

intentionally concealed material information regarding prior cervical issues such that he is not entitled to maintenance and cure for any alleged neck injuries.[9]

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

In reviewing a party's motion for summary judgment, the Court will grant the motion if (1) there is no genuine issue of material fact, and (2) the mover is entitled to judgment as a matter of law.[10] This determination is made "in the light most favorable to the opposing party."[11] "When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of a genuine issue of material fact with respect to those issues on which the movant bears the burden of proof at trial."[12] If the moving party satisfies its burden, "the non-movant must respond to the motion for summary judgment by setting forth particular facts indicating that there is a genuine issue for trial."[13] However, the non-moving party's burden "'is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'"[14]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[15] All reasonable factual

---

[9] *Id.* at pp. 1–2.
[10] FED. R. CIV. P. 56(a).
[11] *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); 6 V. MOORE, FEDERAL PRACTICE 56.15(3) (2d ed. 1966)).
[12] *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718 (5th Cir. 1995) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 333–34 (1986)).
[13] *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49 (1986)).
[14] *Willis v. Roche Biomedical Lab., Inc.,* 61 F.3d 313, 315 (5th Cir. 1995) (quoting *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994)).
[15] *Pylant v. Hartford Life and Accident Ins. Co.*, 497 F.3d 536, 538 (5th Cir. 2007) (quoting *Anderson*, 477 U.S. at 248)).

inferences are drawn in favor of the nonmoving party.[16] However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[17] "Conclusory allegations unsupported by specific facts . . . will not prevent an award of summary judgment."[18]

### B. Discussion

"Maintenance and cure is a contractual form of compensation afforded by general maritime law to seamen who fall ill or are injured while in the service of a vessel."[19] Generally, an employer owes maintenance and cure "regardless of whether either party was negligent."[20] Nonetheless, the Fifth Circuit has explained that "[a] Jones Act employer is entitled to investigate a seaman's claim for maintenance and cure benefits" and "is allowed to rely on certain legal defenses to deny these claims."[21] Relevant here, an employer may assert the defense "that the injured seamen willfully concealed from his employer a preexisting medical condition"[22]—this is known as the *McCorpen* defense. To successfully assert the *McCorpen* defense, an employer must show: "(1) the claimant intentionally misrepresented or concealed medical facts; (2) the non-disclosed facts were material to the employer's decision to hire the claimant; and (3) a connection exists between the withheld information and the injury complained of in the lawsuit."[23]

---

[16] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[17] *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010) (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir.1998)).
[18] *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994).
[19] *Jauch v. Nautical Servs.*, 470 F.3d 207, 212 (5th Cir. 2006).
[20] *Johnson v. Cenac Towing, Inc.*, 544 F.3d 296, 301 (5th Cir.2008).
[21] *Brown v. Parker Drilling Offshore Corporation*, 410 F.3d 166, 171 (5th Cir. 2005) (citing *McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547 (5th Cir.1968)).
[22] *Id.*
[23] *Id.*

ACBL argues that Bates "intentionally concealed his significant pre-existing cervical treatment, imaging, and condition."[24] ACBL highlights the following information from Bates' pre-employment medical records:

- February 1, 2021: Bates visited Ochsner hospital with a "chief complaint" of "headache." The notes reflect that Bates was hit in the head with a board in 2000 while working construction, and that Bates has experienced frequent headaches since then. The report further reflects: "Location: left side, eye, neck," and also, "Associated with: … neck tightness."[25] Bates was diagnosed with "[o]ccipital neuralgia of left side" and "[c]ervical myofascial pain syndrome."[26]

- February 5, 2021: Bates reported, due to the 2000 work incident, "left-sided headache behind his left eye that radiates through the left side of his head and down his neck."[27] The document also states: "Reports: Neck pain (Left side)."[28]

- October 10, 2021: Bates visited the emergency department after fainting and falling onto concrete, striking his chin/face and right shoulder. He complained of "pain to jaw, neck, and right shoulder." He reported that he had fainted before, about three to four years ago. His clinical history noted "neck pain."[29] Bates underwent a CT scan of his cervical spine, the findings of which were "[m]oderate severe disc space narrowing, mild osteophytic change noted at C5-

---

[24] Rec. Doc. 63-1, p. 2.
[25] Rec. Doc. 63-5, pp. 68–69.
[26] *Id.* at p. 62.
[27] *Id.* at p. 93.
[28] *Id.* at p. 94.
[29] *Id.* at pp. 174–180.

C6 and C6-C7 without significant osseous spinal canal or foraminal narrowing."[30]

ACBL extended Bates a conditional offer of employment on March 18, 2022.[31] On April 4, 2022, he filled out a "Medical History List."[32] The form listed numerous conditions and directed bates to "check all that apply." Bates checked none of the conditions, two of which included "dizziness/fainting" and "headaches." Bates also filled out a "Medical History Questionnaire" which asked: "Have you ever had or been treated for any of the following conditions or diseases?"[33] Bates indicated "no" to the following relevant listings: "severe headaches," "dizziness/fainting spells/Syncope," "neck or back injury/pain," "head injury," "prior work related accidents/exposure w/ any other job."[34] Bates also answered "no" when asked: "Have you ever been hospitalized?" and "Have you ever had a CT scan or an MRI?"[35]

ACBL argues Bates intentionally concealed his prior cervical condition and treatment. In his deposition, Bates stated that he filled out the medical history forms to the best of his knowledge at the time.[36] However, the Fifth Circuit held in *Brown v. Parker Drilling Offshore Corp.* that "[t]he 'intentional concealment' element [of *McCorpen*] does not require a finding of subjective intent."[37] Rather, the employer is only required to show that the seaman "[f]ail[ed] to disclose medical information in an interview or questionnaire

---

[30] *Id.* at p. 187.
[31] Rec. Doc. 63-6, pp. 7–8.
[32] *Id.* at p. 25.
[33] *Id.* at p. 27.
[34] *Id.*
[35] *Id.* at p. 28.
[36] Rec. Doc. 63-4, p. 67.
[37] *Brown*, 410 F. 3d at 174 (quoting *Vitcovich v. Ocean Rover O.N.,* No. 94–35047, 106 F.3d 411, 1997 WL 21205, *3 (9th Cir. Jan. 14, 1997)).

that is obviously designed to elicit such information."[38] Under this legal standard, the Court finds that ACBL has satisfied the first *McCorpen* element. Bates failed to disclose any information about his visits to the hospital involving cervical issues and diagnoses, including reports of "neck pain." He also specifically denied ever having a CT scan, while the medical records show he undisputedly underwent a CT scan of his cervical spine about six months before he filled out the questionnaire. The Court finds that this constitutes intentional concealment of medical facts as understood under binding Fifth Circuit precedent.

Turning to the second *McCorpen* element, ACBL argues that Bates' "pre-existing cervical pain, treatment, imaging, and condition was absolutely material to ACBL's decision to hire him, as the questions Mr. Bates failed to answer truthfully were directly related to his physical ability to perform the duties of a deckhand."[39] In response, Bates argues that questions of fact exist regarding materiality because he received his offer of employment prior to completing the medical history questionnaire, and he passed ACBL's company-provided physical.[40] Bates thus argues that "ACBL's summary judgment evidence is insufficient to establish that it would not have hired [ ] Bates if it had known he had experienced headache-related neck pain, and neck soreness related to a fall."[41]

As the Fifth Circuit explained in *Brown*, "the fact that an employer asks a specific medical question on an application, and that the inquiry is rationally related to the applicant's physical ability to perform his job duties, renders the information material for

---

[38] *Id.* (quoting *Vitcovich,* 1997 WL 21205, at *3). *See also Meche v. Doucet*, 777 F.3d 237, 247 (5th Cir. 2015).
[39] Rec. Doc. 63-1, pp. 19–20.
[40] Rec. Doc. 66, pp. 11–12.
[41] *Id.*

the purpose of this analysis."[42] Bates does not argue that the portions of the medical questionnaire related to cervical issues and treatment were not rationally related to his ability to perform his job. Rather, he argues the fact that he passed physical testing raises a factual issue regarding whether ACBL would have changed its hiring decision if Bates had answered the questions accurately. In *Thomas v. Hercules Offshore Services, LLC*, the Fifth Circuit rejected a similar argument, analogizing to *Brown*:

> Thomas does not argue that these questions were not rationally related to her physical ability to perform her duties as a galley hand. Instead, as set forth above, Thomas argues that because she passed the extensive physical testing, she has raised a fact issue with respect to [the HR Director's] statement that [the employer] would have required further medical information had it known of her previous injuries. This Court has rejected an argument similar to the one that Thomas now raises. In *Brown,* we opined that the fact that the employee could perform the heavy labor tasks when he was first hired is "irrelevant" because the employer "based its hiring decision (at least, in part) upon whether applicants had 'Past or Present Back and Neck Trouble.'" Likewise, in the case at bar, the fact that Thomas could perform the physical tasks during the evaluation is "irrelevant" because [the employer] based its hiring decision at least in part upon whether Thomas had previous back and neck injuries. Accordingly, the district court did not err in finding that the concealed injuries were material to [the employer's] decision to hire her, thus satisfying the second prong of the defense.[43]

Here, ACBL's questions regarding prior neck issues were rationally related to Bates' ability to serve as a deckhand. Under *Thomas* and *Brown*, the fact that Bates passed a physical examination does not defeat the materiality portion of the *McCorpen* test. Moreover, Bates expressly admits the following statement of fact asserted by ACBL, which is a quote from the declaration of Lisa Swan, Senior Human Resources Manager at ACBL: "Had Mr.

---

[42] *Brown*, 410 F. 3d at 175.
[43] *Thomas v. Hercules Offshore Servs., L.L.C.*, 713 F. App'x 382, 387–88 (5th Cir. 2018) (citing *Brown,* 410 F.3d at 175).

Bates disclosed his prior treatment and cervical condition, ACBL would have inquired further to determine Mr. Bates' employability."[44] Accordingly, the Court finds that the second *McCorpen* element is met.

The final element of the *McCorpen* defense requires a connection between the withheld information and the injury complained of in the lawsuit. Under *Brown*, the employer "need not prove that the prior injuries are the sole causes" of the current injuries, and the injuries need not be "identical."[45] In *Thomas*, the Fifth Circuit found there was a sufficient connection because the claimant's "previous, concealed injuries and her current injuries both involve her lower back and neck."[46] Here, ACBL only seeks dismissal of Bates' maintenance and cure claim as it relates to any alleged neck injuries by pointing to Bates' concealment of previous neck pain, treatment, and diagnoses. The Court finds a sufficient connection exists under these circumstances to satisfy the third requirement of the *McCorpen* defense.

---

[44] Rec. Docs. 63-2 & 66-1, ¶ 33. *See also* Rec. Doc. 63-6, p. 3, ¶ 18.
[45] *Brown*, 410 F. 3d at 176. *See also Thomas*, 713 F. App'x at 388.
[46] *Thomas*, 713 F. App'x at 389 (citing *Brown*, 410 F. 3d at 176). Multiple decisions from Louisiana federal district courts have suggested that this requirement is satisfied where the Plaintiff claims injury to the same part of the body as the pre-existing injury. *See, e.g., Weatherford v. Nabors Offshore Corp.*, No. CIV.A. 03-0478, 2004 WL 414948, at *3 (E.D. La. Mar. 3, 2004) (citing *Guillory v. Northbank Towing Company,* 1993 WL 721991, *3 (W.D.La.1993) ("[w]here plaintiff claims an injury in the exact same area of the back as was previously injured, the causal connection is clear."); *Matter of L.S.K. Towing, Inc.*, No. CIV. A. 94-4134, 1995 WL 350039, at *2 (E.D. La. June 6, 1995) ("plaintiff's prior injury was also to the left knee. Thus, the causal link seems clear.")). *Johnson v. Cenac Towing*, 599 F.Supp.2d 721, 728–29 (E.D.La. March 2, 2009) ("the *McCorpen* defense will succeed if the defendant can prove that the old injury and the new injury affected the same body part"); *Wimberly v. Harvey Gulf Int'l Marine, LLC*, 126 F. Supp. 3d 725, 734 (E.D. La. 2015) ("the link between prior and present injuries does not necessarily need to occur to the exact same vertebrae or tissue but rather in the same location on the body."); *White v. Sea Horse Marine, Inc.*, No. CV 17-9774, 2018 WL 3756475, at *3 (E.D. La. Aug. 8, 2018) (sufficient connection existed where "[m]edical records attached to Defendant's first motion for summary judgment document years of treatment for lumbar pain, leg pain, and leg weakness—the same injuries that Plaintiff seeks damages for in the instant lawsuit."). And in *Brown*, the Fifth Circuit found that, "[b]ecause Brown's injuries were to the same location of the lumbar spine, the causal link between the concealed information and the new injury was established at trial." *Brown*, 410 F. 3d at 176 (citing additional district court cases to the same effect).

For the reasons outlined above, the Court finds that Bates' claim for maintenance and cure, solely as it relates to any alleged neck injury, should be dismissed pursuant to *McCorpen* and its progeny.

### III.   CONCLUSION

For the foregoing reasons, ACBL's Motion for Partial Summary Judgment[47] is GRANTED. Bates' claim for maintenance and cure, solely as it relates to any alleged neck injury, is hereby dismissed with prejudice.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 16th day of October, 2025.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[47] Rec. Doc. 63.